IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL SCOTT DAVIS,

    Plaintiff,                                No. CIV S-07-0674 LKK EFB P

    vs.

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT,                 FINDINGS AND RECOMMENDATIONS

    Defendant.
_____/

       Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Pending before the court are defendant's September 20, 2007, motion to strike plaintiff's demand for punitive damages and motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(f), 12(b)(6). For the reasons explained below, the court finds that the Sacramento County Sheriff's Department is not subject to liability for punitive damages. The court also finds that plaintiff fails to state a claim for relief and the complaint must be dismissed with leave to amend.

**I.    Facts**

       This action proceeds on the April 9, 2007, complaint which alleges that on or around April 26, 2005, plaintiff was detained in the Sacramento County Main Jail. Compl., at 4. He attempted to alert a deputy to his need for medical care. *Id.*, at 6. Instead of discussing his needs

1

with him, plaintiff alleges that several guards approached his cell and attacked him for no apparent reason, and thereafter care for his injuries was delayed. *Id.*, at 6-8. Plaintiff does not allege that this attack was made pursuant to any policy. He does, however, allege that he has heard about abuse and murders committed by deputies employed by the Sacramento County Sheriff's Department. *Id.*, at 10.

## II.     Motion to Strike

Defendant moves to strike plaintiff's demand for punitive damages, asserting that punitive damages are not permitted in civil rights actions against public entities.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the court to order stricken from any pleading "any redundant [or] immaterial . . . matter." Fed. R. Civ. P. 12(f). "'[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), *rev'd on other grounds*, 510 U.S. 517 (1994). Grounds for a motion to strike must appear on the face of the pleading or from matters which the court may judicially notice. *Fantasy, Inc.*, 984 F.2d at 1528; *Sec. and Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

The Supreme Court has addressed the question of whether a municipality may be subject to liability for punitive damages under 42 U.S.C. § 1983. *Fact Concerts, Inc. v. City of Newport*, 453 U.S. 247, 249 (1981). After discussing municipalities' traditional immunity from punitive damages, the policies forming the basis of that immunity, and the lack of evidence that Congress intended to abolish that immunity, the Court held that unless a state or municipality expressly forfeits that immunity, a municipality (as opposed to an individual municipal officer) is not subject to liability for punitive damages in an action brought under 42 U.S.C. § 1983. *Id.*, at 271. Here, the state has not waived that immunity. Section 818 of the California Government Code provides:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the civil code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

Cal. Gov't Code § 818 (West 1995).[1]  Because Congress did not in 42 U.S.C. § 1983 abrogate the immunity of municipalities from punitive damages and no state law waives that immunity, defendant's motion to strike must be granted.

### III.  Motion to Dismiss

Defendant contends that plaintiff fails to state a claim upon which relief can be granted. In particular, defendant argues that plaintiff makes no claim that the officers involved acted pursuant to any official policy.

**A.  Standards**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1970 (2007)  (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Bell Atlantic*, 127 S.Ct. at 1965.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id.*

The crux of the standard is this.  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

---

[1]  Section 825 permits public entities to pay awards of punitive damages on behalf of *individual* officers in limited circumstances.  However, nothing in section 825 constitutes "a waiver of a public entity's immunity from liability for punitive damages under Section 1981, 1983, or 1985 of Title 42 of the United States Code."  Cal. Gov't Code § 825(e).

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When a motion to dismiss attacks the sufficiency of the facts plead, the court assumes the complaint's factual allegations as true and determines whether those assumed facts give rise to a cause of action.  *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  In doing so, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include specific facts necessary to support the claim.  *NOW*, 510 U.S. at 256 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Although courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion,[2] *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.1997), *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint."  *Id*.  Moreover, the court may disregard allegations of the complaint that are contradicted by attached exhibits.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts.  *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Additionally, "[t]he court is not required to accept legal conclusions cast in the form of

---

[2] When a party relies on matters extrinsic to the complaint, Rule 12(b)(6) expressly mandates that the court either disregard the extrinsic material or invoke the procedural protections afforded under Rule 56 so that the non-moving party is provided the opportunity to present evidence sufficient to overcome the motion.  These procedures include converting the matter to a motion for summary judgment under Rule 56 and providing notice to the non-moving party that the facts challenged in the complaint must be supported with evidence adequate to demonstrate a genuine issue of material fact.  *Rosales v. United States*, 824 F.2d 799, 802 (9th Cir 1987) (If matters external to the pleadings are presented to the court and not excluded, a Rule 12(b)(6) motion for failure to state a claim must be treated as a motion for summary judgment.).

factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

However, pro se pleadings are not exempt from the requirements of complaints generally. Although the court has an obligation to construe the pleadings of a pros se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Plaintiff claims that the Sacramento County Sheriff's Department is subject to liability upon the ground its officers used excessive force against plaintiff. Defendant asserts that plaintiff has not alleged facts sufficient to subject it to liability. Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim against a local government under section 1983 for acts or omissions by its officials, a plaintiff must allege that the act or omission occurred pursuant to an official policy or custom. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). "[A] claim of municipal liability under section 1983 is sufficient to withstand a motion to

dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Defendant argues that plaintiff nowhere alleges that the alleged constitutional violations resulted from an official policy. Plaintiff alleges that he has heard the Sheriff's deputies have in the past committed unprovoked and unjustified acts of violence against detainees. The suggestion is that acts were part of an established pattern or practice that can satisfy the policy requirement of *Monell*. However, these allegations are not sufficient to allege a policy or practice. Accepting the allegations as true, i.e., plaintiff has heard about such abuse, it remains a matter of speculation whether the violence alleged represents a policy or practice under the applicable standards. While plaintiff may be able to state a claim for relief, he has not alleged facts sufficient to do so here and his complaint must be dismissed. In order to proceed, then, plaintiff must file an amended complaint.

**C. Amended Complaint**

In the event plaintiff chooses to file an amended complaint, he must comply with all applicable rules. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded. Furthermore, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; *cf.* Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

**IV.    Conclusion**

For all of the above reasons, the court finds that plaintiff fails to state a claim against the Sacramento County Sheriff's Department. Plaintiff must be given leave to amend. Should plaintiff file an amended complaint, he must not include a demand for punitive damages against the Sacramento County Sheriff's Department because that entity is immune from such damages.

Accordingly, it hereby is RECOMMENDED that:

1. Defendant's September 20, 2007, motion to strike be granted;

2. Defendant's September 20, 2007, motion to dismiss be granted, and plaintiff's claim against the Sacramento County Sheriff's Department be dismissed;

3. Plaintiff be given 30 days to file an amended complaint curing the deficiencies identified above; and,

////

1    4. Plaintiff be admonished that failure to comply with this court's order will result in the
2 dismissal of this action for plaintiff's failure to state a claim upon which relief can be granted.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated: February 25, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE